THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENNY RAY HARRIS,

          Plaintiff,

    v.

CHIEF COUNSEL PACIFIC DISTRICT NORTH, *et al.*,

          Defendants.

CASE NO. C17-1405-JCC

ORDER GRANTING SUMMARY JUDGMENT

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

Plaintiff was allegedly injured when he slipped and fell while attending a program at a Department of Veterans Affairs ("VA") facility in May 2015. (Dkt. No. 3 at 2.) With the assistance of counsel, Plaintiff filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680, which VA denied in March 2016. (Dkt. No. 15 at 2); (*see* Dkt. Nos. 16-1–16-3.) Plaintiff sought VA's reconsideration, but VA did not consider his request, as it was untimely. (Dkt. No. 16-5 at 2.) Plaintiff, acting *pro se*, then filed suit with this Court. (*See generally* Dkt. No. 3.) Defendants now move for summary judgment, alleging that Plaintiff's FTCA claim is untimely because Plaintiff did not bring suit within six

months of the VA's administrative denial. (Dkt. No. 15 at 4.) Plaintiff has not responded to Defendants' motion.[1]

The Court shall grant summary judgment if Defendants show there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to Plaintiff. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, Plaintiff must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for Plaintiff. *Anderson*, 477 U.S. at 248–49. Summary judgment is appropriate against Plaintiff if he "fails to make a showing sufficient to establish the existence of an element essential to [Plaintiff's] case, and on which [Plaintiff] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Defendants have properly made and supported their motion for summary judgment. They provide correspondence that demonstrates Plaintiff brought an administrative FTCA claim to VA in November 2015. (*See generally* Dkt. Nos. 16-1–16-5.) VA denied the claim in March 2016 and explained:

> Further action on the matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, U.S.C., which provides that a tort claim that is administratively denied may be presented to a federal district court for judicial consideration. Such a suit must be initiated within six months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, U.S.C.).

---

[1] Plaintiff submitted a letter to the Court after Defendants' summary judgment motion, asking for "help [in] getting justice for my injuries." (Dkt. No. 17 at 1.) The letter contained no legal argument or facts supporting his claim. (*Id*.)

(Dkt. No. 16-2 at 1.) The notice also explained Plaintiff could seek reconsideration from VA, but such request must be made within six months. (*Id*. at 2); *see* 28 C.F.R. § 14.9(b). The correspondence also demonstrates that Plaintiff did not seek reconsideration within this six-month period. (Dkt. No. 16-5 at 2.) Therefore, to preserve any FTCA-based claim, Plaintiff had to bring suit in district court by September 2016. Plaintiff failed to do so. He did not bring suit until September 2017. (Dkt. No. 3 at 1.)

Unlike *pro se* prisoners, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Accordingly, the Court views Plaintiff's failure to respond to Defendants' summary judgment motion as an admission that the motion has merit. W.D. Wash. Local Civ. R. 7(b)(2). Further, even if Plaintiff had responded, the Court cannot conceive of facts Plaintiff could present to demonstrate a genuine issue for trial, given that his claim is time-barred under 28 U.S.C. § 2401(b).

For the foregoing reasons, Defendants' summary judgment motion (Dkt. No. 15) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice. The Clerk is DIRECTED to close this case and to mail a copy of this order to Plaintiff.

DATED this 22nd day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE